*889 OPINION.
Ahundell :
The property in question cost $24,166.30; the sales price under the contract was $60,000 and the initial payment was $23,000, of which latter amount it was understood between the parties $11,700 would be used to pay off certain outstanding obligations against the land sold.
The Commissioner has determined a profit by the simple process of deducting from the sales price set' forth in the contract of sale entered into by petitioner with the Multnomah Lumber & Box Co. the cost of the land. The remainder so obtained is said to constitute cash income on which a tax must be paid. This is, of course, true if the contract obligation, unevidenced as it is even by promissory notes, is the equivalent of cash. John B. Atkins et dl. v. Commissioner, 9 B. T. A. 140. However, efforts made to sell the contract were unsuccessful and efforts to hypothecate it for a loan were equally futile. The doubtful status of the obligee, the fact that the property was sold originally at a higher price than its intrinsic value, because of its strategic situation, and the hazards of fire in that particular locality all tended to make the contract obligation unmarketable. It is too much to say under such circumstances that petitioner at the date of entering into the contract was in receipt of cash income. We believe that petitioner is entitled to recover his capital before it may be said that he is in receipt of taxable income and we so hold. Anton M. Meyer, 3 B. T. A. 1329.
The parties presented and argued this case on the theory that the transaction between petitioner and the Multnomah Lumber & Box Co. served to effect a sale of the property and the foregoing opinion is based on that hypothesis. In view of the fact that both title and *890 possession are reserved by petitioner until final payment, the question may well arise whether or not the contract is not one to sell rather than a contract of sale. In view of the fact that our conclusion would be no different if such were the case, we pass the matter with no more than this comment.
In view of the conclusion reached it becomes unnecessary to determine whether or not petitioner may resort to the installment sales method of reporting income.
Reviewed by the Board.

Judgment will be entered on 15 days' notice, under Rule 50.